## The Raritan.[1]

## The L. P. Dayton.

## Marsellus v. The Raritan and The L. P. Dayton.

## Merchants' Transp. Co. v. The L. P. Dayton.

*(District Court, E. D. New York. April 16, 1890.)*

Collision—Between Steamers—Crossing Courses.

The steam-tug L. P. D. was lying in the Hudson river, near the New York piers, headed for the Jersey shore, and with a car-float along-side. The steam-barge R., coming up stream, undertook to pass between the L. P. D. and the shore, but collided with the float, and was sheered against a canal-boat, in tow of another tug, on her starboard side. The R. claimed that the L. P. D. backed the car-float into her. The court found that the L. P. D. did not back, but that the R. wrongfully supposed that she would move ahead in time to leave room for the R. to pass, and therefore *held* that the R. was in fault for the collision.

In Admiralty. Action for damage by collision.
*A. B. Stewart*, for William Marsellus.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

*R. D. Benedict*, for the Merchants' Transportation Company and the Raritan.

*Carpenter & Mosher*, for the L. P. Dayton.

BENEDICT, J. These actions arose out of a collision that occurred in the East River in the daylight. The case turns upon the question of fact whether the L. P. Dayton, after she had moved out her float into the stream, backed her float so as to close up the passage through which the Raritan was passing, whereby the Raritan was brought in contact with the stern of the float. Upon this question of fact the evidence fails to show to my satisfaction that the Dayton backed as is claimed. I incline to the opinion that the cause of the collision was that the Raritan, in taking her course through the gap between the Dayton and the Willie, assumed that the Dayton would move ahead by the time the Raritan would reach her. When this assumption failed, the Raritan necessarily brought up against the stern of the float, and so the damage arose.

In the case of Marsellus against the Raritan and Dayton, the libelant must have a decree against the barge Raritan, and the libel against the L. P. Dayton must be dismissed.

In the case of the transportation company against the L. P. Dayton, the libel must be dismissed.